## PATTON *ET AL. v.* FIRST PRESBYTERIAN CHURCH OF GREENVILLE *ET AL*

### (123 S. E., 493)

1. Trusts—Sale and Reinvestment of Proceeds for Church Purposes Held Proper Where Location of Property Had Become Undesirable.—Where, at time of creation of a trust for church purposes, property was suitably located, but city's business has now enlarged and surrounds it, Court will order sale and reinvestment of proceeds in property more suitable for church purposes.

2. Trusts—Equity Has Right to Sell Trust Property for Reinvestment.—Equity has the right to sell trust property for reinvestment.

Before Townsend, J., Greenville, September, 1923.  Reversed.

Action by Avery Patton and others against the First Presbyterian Church of Greenville and others.  Judgment for defendants and plaintiffs appeal.

*Messrs. Haynsworth & Haynsworth,* for appellants, cite: *Reverter:* 119 S. C., 340; 115 S. C., 67, 81; 106 S. C., 245; 35 S. C., 314; Tiffany Real Prop., Vol. 2, 1625; 17 Pa. St., 96, 99; 29 Atl., 731; 89 S. C., 449. *Title vested is fee simple in trustees:* 68 S. C., 489; 2 Rich. Eq., 192; 15 L. R. A., 231. *Fees distinguished from trusts:* 120 Atl., 497. *Tysen Charitable Bequests:* 508; 55 Am. St. Rep., 594; 79 Am. St. Rep., 741; 73 N. E., 364; 24 Atl., 882; 109 Mass. 1; 11 L. R. A., 282. *Court may authorize sale:* 5 Wall., 119; 107 U. S., 144; 95 U. S., 312; 85 Atl., 1082; 20 A. E., 294; 29 Am. Dec., 591; 130 Am. St. Rep., 408; 70 S. C., 555; 112 N. E., 780; 179 N. W., 1009; 130 Pa., 633; 86 Atl., 821; 121 Atl., 77. *Charitable trusts:* 73 S. E., 385.

*Messrs. Dean, Cothran & Wyche* and *B. A. Morgan* for respondents.

June 4, 1924.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an interesting case and of far-reaching consequences. Much more learning and intelligent labor has been expended than, in the view this Court takes of the case, was necessary. The cardinal question in the case is quite simple. Vardry McBee conveyed a tract of land to certain trustees. That portion of the deed which requires construction reads:

" 'Whiteford Smith, John Adams, and Logan B. Cline, trustees of the Greenville C. H. Church, now in connection with the General Assembly of the Presbyterian Church in the United States, commonly called the Old School Assembly, have granted, etc., unto said Whiteford Smith, John Adams and Logan Cline, trustees as aforesaid, and their successors forever, for the benefit of the Greenville Courthouse Church in Greenville, now in connection with the General Assembly of the Presbyterian Church in the United States, commonly called the Old School Assembly, so long as said church shall remain in connection with said General Assembly, or the portion thereof in the Southern states, meaning the states south of the Mason and Dixon Line.

" 'That the habendum is as follows:

" 'To have and to hold all and singular the premises before mentioned unto the said trustees as aforesaid and their successors as aforesaid, for the uses and purposes, and upon the conditions aforesaid forever.' "

The trustees who are plaintiffs are admitted to be the successors of those named in the deed. The First Presbyterian Church is the successor to the C. H. Church and the church is conceded to be under the control of what is popularly known as the Southern Presbyterian General Assembly.

When the deed was made in 1850, it was a suitable place for a church. It is alleged that the business section of Greenville has enlarged and now surrounds it. That the noises of the street cars, passing trucks, and travel of all kinds, create a condition that renders the present location of the

church undesirable. This action is brought by the trustees. The prayer of the complaint asks the Court to authorize them to sell the property and reinvest the proceeds in other property more suitable for church purposes. The church, now incorporated, asks for such relief as may be proper, and E. Lulu Briggs, who is a party defendant, one of the heirs at law of Vardry McBee, denies that either the trustees or the church have a fee in the property, or that the location is unsuitable as a place of worship. The trial Judge held that the Court had no power to sell and dismissed the complaint.

At the time the deed was made the church was unincorporated, and it was necessary to appoint trustees to hold the title. When, however, the church became a legal entity, there was nothing for the trustees to do, and the title went over to the corporation, but still as trustee of an express trust.

The right of the Court of Equity to sell trust property for reinvestment is clear. The case of *Bofil v. Fisher,* 3 Rich. Eq., 1, 55 Am. Dec., 627, is to the point. The power has been recognized and exercised time and again. In *Ex parte McColl,* 68 S. C., 489; 47 S. E., 974, the right to remove a graveyard from noisy and unsuitable surroundings to a place more appropriate was upheld. There is nothing in the deed or in the record to indicate that it was the purpose of the grantor to maintain a church there at all hazards, even though the disturbing noises, over which the worshipers have no control, would render the service a travesty. There is no effort to change the location of the church for commercial reasons. For commercial reasons it cannot be done. The purpose of the trust is to enable men, women, and children to worship God. If the surrounding circumstances are such that to attempt to worship there becomes mere formalism, then the purpose of the trust is defeated by remaining where the church is now located, and the Court of Equity has the power, with proper

parties before it, to order a sale and reinvestment in other property to carry out the purpose of the trust.

The judgment appealed from is reversed.

MESSRS. JUSTICES WATTS and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN disqualified.